# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTICE OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| OMIX –ADA, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| EXTREME DIMENSIONS, INC., | ) | |
| DRIVEN BY STYLE, LLC, AND | ) | |
| STREETBEATCUSTOMS.COM, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

COMES NOW Omix-ADA, Inc. ("Omix"), the Plaintiff herein, and by and through its counsel, files this Complaint against Defendants Extreme Dimensions, Inc. ("Extreme"), Driven by Style, LLC ("Driven"), and StreetBeatCustoms.com ("StreetBeat") (collectively "Defendants"), and shows this Court the following:

## NATURE OF THE CASE

### 1.

Omix seeks legal and equitable remedies for infringement of United States Design Patent No. D718,682 for a "VEHICLE HOOD" (the '682 Patent), resulting from the actions and conduct of Defendants, including the making, using, and/or

selling of a vehicle hood (the Infringing Product) that falls within the scope of the '682 Patent, as set forth herein.

## PARTIES

2.

Plaintiff Omix is a Georgia corporation having a regular and established place of business at 460 Horizon Drive, Suite 400, Suwanee, GA 30024.

3.

Upon information and belief, Extreme is a California corporation with its principal place of business located at 1920 West Malvern Avenue, Fullerton, California 92833.

4.

Upon information and belief, Driven is a California corporation with its principal place of business located at 8240 Belvedere Avenue, Suite E, Sacramento, California 95826.

5.

Upon information and belief, StreetBeat is a Minnesota corporation with its principal place of business located at 905 Park Avenue, Minneapolis, Minnesota 55404.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271 *et seq*.

7.

On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Georgia Long Arm Statute, due at least to their substantial business in this forum, including business related to the infringements alleged herein.

(a)     Extreme "is the industry leader of aftermarket aerodynamics" providing "worldwide distribution throughout the Americas . . .."  Extreme solicits business throughout the nation, including Georgia, on its website (http://extremedimensions.com/).  Extreme also solicits dealers throughout the country and sells its products to the public through these dealers (including Driven and StreetBeat).  Extreme advertises the Infringing Product on its website at http://extremedimensions.com/search.php?mode=search&search_in_subcategories =Y&year=2015&maker=51&model=365&trim=5&quick_link=Hoods, inviting the public (including Georgia residents) to purchase the product through its dealership

network.  A substantial amount of revenues of Extreme are derived through its dealers' sales into Georgia of products introduced into the stream of commence by Extreme.

(b)     Driven offers a large variety of custom automobile and truck accessories on its website (http://www.drivenbystyle.com/),  including the Infringing Product manufactured by Extreme.  Business is regularly solicited and obtained from customers in Georgia by Driven and on information and belief a substantial quantity of products are shipped to Georgia by Driven.

(c)     StreetBeat offers a large variety of custom automobile and truck accessories on its website (http://www.streetbeatcustoms.com/contact.html), including the Infringing Product manufactured by Extreme.  Business is regularly solicited and obtained from customers in Georgia by StreetBeat and on information and belief a substantial quantity of products are shipped to Georgia by StreetBeat.

8.

Venue is proper in this District pursuant to 28 U.S.C.  §§ 1391 and 1400(b) for at least the reasons that a substantial part of the events giving rise to these claims occurred in this District, because Omix has suffered injury in this District, and because Defendants reside in this District as defined by the patent venue statute by virtue of having committed acts of patent infringement in this District

and being subject to the personal jurisdiction of this Court at the time suit was filed.

## FACTS

### 9.

On December 2, 2014, the '682 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

### 10.

The '682 Patent issued from an application filed with the USPTO on August 8, 2013, and has been at all times since its date of issue, valid and enforceable.

### 11.

The claim of the '682 Patent covers an ornamental design for a VEHICLE HOOD, which is depicted in the 7 figures set forth in the patent.  A true and accurate copy of the '682 Patent is attached hereto as Exhibit A.

### 12.

Omix is the owner of the '682 Patent by virtue of an assignment from the inventors, Redi McFarlin and Patrick Bennett to Omix.

### 13.

Omix has standing to bring the lawsuit for infringement of the '682 Patent.

14.

Omix has been advertising, promoting, marketing, and selling Vehicle

Hoods under the '682 Patent.  Those products are duly marked with the patent

number of the '682 Patent.  Omix has further marked its advertising materials and

product packaging with the number of the '682 Patent.

15.

Defendants have been making, using, offering for sale and/or selling

products that fall within the scope of the '682 Patent.

(a)     Pictured below on the left is Figure 1 from the '682 Patent with the

Infringing Product depicted on the right:



**Design Patent**          **Extreme Product**

(b)     Pictured next on the left is Figure 3 from the '682 Patent with the

Infringing Product depicted on the right:



**Design Patent**                    **Extreme Product**

(c)     Pictured below on the left is Figure 4 from the '682 Patent with the

Infringing Product depicted on the right:



**Design Patent**                    **Extreme Product**

(d)     Pictured next is Figure 5 from the '682 Patent with the Infringing

Product depicted below:



16.

Defendants' Infringing Products have been offered directly into this District by each Defendant's website.  Driven and StreetBeat have shipped Infringing Product into this District to customers within the District and have, in that capacity, acted as authorized Dealers and representatives of Extreme.

17.

The Defendants' offer for sale and sale of the Infringing Products, including into this District, has been without the permission, authority, or license of Omix.

18.

The Defendants' infringement of the '682 Patent has been for the purpose of deriving revenue and other financial gain.

8

19.

The infringement by Defendants has been willful and intentional and Defendants have had constructive notice of the '682 Patent by virtue of the patent markings on the products of Omix incorporating the design and on the packaging therefor.  Defendant Extreme has specifically obtained actual knowledge of the '682 Patent by virtue of acquiring a marked Omix product for the purpose of duplicating the design.  From examination of the Extreme Infringing Product, Omix has determined that the product was manufactured by Extreme's securing an Omix product which incorporated the patented design and creating from that product a mold used to manufacture the Infringing Product.  Evidence already in the possession of Omix will demonstrate to an absolute certainty that Extreme willfully misappropriated the patented design and callously formed a mold from the Omix product embodying the patented design resulting in a product with the exact placement and dimensions of the Omix product incorporating the patented design.

**PATENT INFRINGEMENT OF THE '682 PATENT**

20.

As shown by the foregoing facts, Defendants have infringed and are continuing to infringe the '682 Patent by making, using, offering for sale, and

selling within the United States, including this District, products that fall within the scope of the '682 Patent.

21.

These acts constitute patent infringement under 35 U.S.C. § 271 *et seq,* for which Defendants have no permission, license, or consent from Omix.

22.

On information and belief, the Defendants will continue to infringe the '682 Patent unless enjoined by the Court.  Omix is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further infringement of the '682 Patent.

23.

Omix is entitled to recover damages sustained as a result of the Defendants' infringement that are adequate to compensate for the infringement pursuant to 35 U.S.C. § 284, and additional damages for infringement of a design patent, including all the Defendants' profits resulting from the infringement pursuant to 35 U.S.C. § 289, but in any event no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

24.

Omix is entitled to recover its costs, expenses, and reasonable attorneys' fees incurred in bringing the present action pursuant to 35 U.S.C. § 285.

25.

The circumstances of the infringement renders this case an exceptional case under 35 U.S.C. § 285, with the appropriate resulting award.

26.

The circumstances of this case justify enhanced damages under 35 U.S.C. § 284, up to three times the damages found or assessed.

**PRAYERS FOR RELIEF**

WHEREFORE, Omix prays for an Order of the Court entering judgment:

A.     That the Defendants have infringed the '682 Patent;

B.     That Defendants, their officers, agents, employees, and all persons acting in concert or participation with them be permanently enjoined from engaging in further infringement of the '682 Patent;

C.     That Omix be awarded all of the profits generated by Defendants' infringement pursuant to 35 U.S.C. § 289;

D.      That Omix be awarded additional damages pursuant to 35 U.S.C. § 284 in an amount adequate to compensate Omix for the patent infringement (in no event less than a reasonable royalty);

E.      That based on the willful nature of the infringement, the damages be increased to three times the amount of damages found or assessed, and Omix be awarded its costs and reasonable attorneys' fees, all in accordance with 35 U.S.C. §§ 284-285;

F.      That this case be found exceptional under 35 U.S.C. § 285 and Omix be awarded its reasonable attorneys' fees;

G.      That Defendants be required to destroy or surrender all Infringing Products, at the election of Omix;

H.      That Defendants be directed to file with the Court and serve on Omix, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Court's injunction;

I.      That Omix be awarded its taxable costs, expenses, and pre-judgment and post-judgment interest; and

J.      That Omix be awarded such other and further relief as the Court deems just and equitable or otherwise proper under the law.

## <u>JURY DEMAND</u>

Omix requests a trial by jury of any and all issues to which a right to trial by jury attaches.

Respectfully submitted, this 6th day of October 2015.

> *s/ Kirk W. Watkins*
> Kirk W. Watkins
> Georgia Bar No. 740550
> WOMBLE CARLYLE SANDRIDGE & RICE LLP
> 271 17th Street NW, Suite 2400
> Atlanta, Georgia 30363
> Telephone:  (404) 888-7414
> Fax:  (404) 870-4836
> Email:  kwatkins@wcsr.com
>
> *Counsel for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document complies with LR 7.1(D), NDGa.  The font and point size used in preparing the foregoing is Times New Roman, 14 point.

This 6th day of October, 2015.

/s/ *Kirk W. Watkins*
Kirk W. Watkins
Georgia Bar No. 740550

14